# EXHIBIT A

**COSTELLO & SILVERMAN, LLC**
By: Carly D. Trochtenberg
Attorney I.D. No. 378502021
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
ctrochtenberg@costellosilverman.com
Attorneys for Plaintiff

| | |
|---|---|
| NYSHA TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>LOOMIS ARMORED US, LLC; and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY - LAW DIV.<br><br>CIVIL ACTION<br><br>DOCKET NO:<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Nysha Taylor, residing in Burlington County, New Jersey, by way of Complaint against the Defendants, says:

## Preliminary Statement

Plaintiff herein alleges discrimination because of disability and perception of disability as well as unlawful retaliation in violation of the New Jersey Law Against Discrimination ("LAD"). Plaintiff additionally alleges common law wrongful discharge in violation of public policy pursuant to the doctrine set forth in *Pierce v. Ortho Pharmaceutical Corp*. and *Lally v. Copy Graphics, Inc.*

## Identification of Parties

1. Plaintiff Nysha Taylor is, at all relevant times herein, a resident of Burlington County, New Jersey and a former employee of the Defendants within the meaning of the LAD and the *Pierce/Lally* doctrine.

2. Defendant Loomis Armored US, LLC is, at all relevant times herein, a limited liability company operating under the laws of the State of New Jersey with a registered address of 820 Bear Tavern Road, West Trenton, New Jersey 08628 and is the former employer of Plaintiff within the meaning of the LAD and the *Pierce/Lally* doctrine.

3. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

## General Allegations

4. Plaintiff began working for Defendants in or about early 2023 as a vault custodian/security guard.

5. Plaintiff worked out of the Defendants' facility located at 1601 Hylton Road, Pennsauken, New Jersey 08110.

6. At all relevant times herein, Plaintiff was qualified for and performed her duties up to and/or beyond the reasonable expectations of Defendants.

7. On or about October 18, 2024, Plaintiff sustained an injury while at work.

8. Plaintiff tripped over a folded rug and twisted her left knee.

9. Later that same day, Plaintiff's left knee dislocated.

10. Plaintiff's left knee disclosed again two more times and she had to call an ambulance on October 22, 2024, to pick her up from her home as a result of same.

11. On October 22, 2024, Plaintiff spoke with her supervisor, Steve Velazquez, regarding a workers' compensation claim.

12. Plaintiff's left knee injury resulted in pain and limitations restricting the typical exercise of bodily function and thus, rendered Plaintiff disabled as that term is defined under the LAD.

13. In addition and/or in the alternative, Defendants perceived Plaintiff to be so disabled.

14. By reporting her workplace injury, Plaintiff attempted to exercise her rights under the New Jersey Workers' Compensation Act.

15. The New Jersey Workers' Compensation Act is a compelling mandate of public policy.

16. The emergency department kept Plaintiff out of work for a few days, allowing her to return on October 24, 2024.

17. Plaintiff thereby engaged in activity that is protected under the LAD by making a reasonable request for a short period of leave for her disability.

18. Velazquez directed Plaintiff to come into the office on October 23, 2024, so she could fill out an incident report for her work injury.

19. On October 23, 2024, Plaintiff reported to work and met with Christina (last name unknown) from HR as well as another male manager (full name unknown).

20. During that meeting, Plaintiff filled out an incident report discussing the circumstances of her work injury.

21. Christina then accused Plaintiff of lying about the incident and said that "things aren't looking good for you."

22. Christina and the other individual then left the room and returned to advise Plaintiff that she was being suspended pending an investigation.

23. Christina eventually told Plaintiff, after multiple requests by Plaintiff, that she was being investigated for alleged time theft.

24. Thereafter, on or about November 11, 2024, Defendants' terminated Plaintiff's employment.

25. During Plaintiff's employment, multiple supervisors permitted Plaintiff and other employees to take smoke breaks.

26. Plaintiff always informed her supervisor and/or lead if she was stepping out to take a smoke break.

27. Other employees would also similarly take smoke breaks, and have not been disciplined for such conduct.

28. Employees were also permitted breaks during their shifts with two 15-minute breaks and one 30-minute break.

29. Employees were required to clock in and out for such breaks.

30. While Plaintiff routinely clocked in and out for such breaks, if there was ever a time where she forgot to clock in or out, she would immediately notify her supervisor and/or lead to address the issue promptly.

31. Plaintiff received no disciplines, coachings, warnings of any kind during the course of her employment.

32. A determinative and/or motivating factor in Defendants' aforementioned adverse employment actions against Plaintiff was Plaintiff's disability.

33. In addition and/or in the alternative, a determinative and/or motivating factor in Defendants' aforementioned adverse employment actions against Plaintiff was Defendants' perception held of or regarding Plaintiff as disabled.

34. In addition and/or in the further alternative, a determinative and/or motivating factor in Defendants' aforementioned adverse employment actions against Plaintiff was in retaliation to Plaintiff's LAD-protected activity in requesting a brief period of leave as a reasonable accommodation to treat her disability under the LAD.

35. In addition and/or in the further alternative, a determinative and/or motivating factor in Defendants' aforementioned adverse employment actions against Plaintiff was Plaintiff's exercise of her rights under the Workers' Compensation Act, a clear mandate of public policy in New Jersey, in violation of the *Pierce/Lally* doctrine.

36. As set forth above, any non-discriminatory and/or non-retaliatory reasons Defendants may offer for Plaintiff's termination are merely pretext for one or more of the unlawful reasons set forth above.

37. To the extent any legitimate, non-discriminatory and/or non-retaliatory reasons actually exists which could explain Defendants' decision to terminate Plaintiff's employment, Defendants would not have made such decision but for the existence of one or more of the unlawful reasons set forth above, requiring a mixed motive analysis.

38. As a result of Defendants' unlawful conduct, Plaintiff has suffered both economic and emotional harm.

39. Punitive damages are warranted because the unlawful conduct set forth above was especially egregious, intentional and/or malicious and was participated in, authorized by and/or condoned by one or more members of Defendants' upper management.

**COUNT I**

**Discrimination Based on Disability under the LAD**

40. Plaintiff hereby repeats and re-alleges all preceding paragraphs as though set forth herein.

41. For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT II**

**Discrimination Based on Perception of Disability under the LAD**

42. Plaintiff hereby repeats and re-alleges all preceding paragraphs as though set forth herein.

43. For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT III**

**Retaliation under the LAD**

44. Plaintiff hereby repeats and re-alleges all preceding paragraphs as though set forth herein.

45. For the reasons set forth above, the Defendants violated the LAD in retaliating against Plaintiff for engaging in LAD-protected conduct.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT IV**

**Common Law Wrongful Discharge Pursuant *Pierce v. Ortho Pharmaceutical Corp.* and *Lally v. Copy Graphics, Inc.***

46. Plaintiff hereby repeats and re-alleges all preceding paragraphs as though set forth herein.

47. New Jersey public policy allows an employee who is injured at work to obtain workers' compensation benefits under the New Jersey Workers' Compensation Act.

48. This public policy further mandates that individuals who engage in such conduct must not be retaliated against for having done so.

49. Because the Defendants retaliated against Plaintiff for having engaged in such conduct, her claim is cognizable under the common law doctrine of wrongful discharge set forth under *Pierce v. Ortho Pharmaceutical Corp*. and *Lally v. Copy Graphics, Inc.*

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COUNT V**

**Request for Equitable Relief**

50. Plaintiff hereby repeats and re-alleges all preceding paragraphs as though set forth herein.

51. Plaintiff requests the following equitable remedies and relief in this matter.

52. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

53. Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

54. To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

55. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

56. Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

57. Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

58. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & SILVERMAN, LLC**

**By:** ***/s/ Carly D. Trochtenberg***
**Carly D. Trochtenberg**

Dated: February 3, 2026